UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONICA RAMIREZ, individually and on behalf of other persons similarly situated who were employed by OSCAR DE LA RENTA, LLC, or any other entities affiliated with or controlled by OSCAR DE LA RENTA, LLC, <br><br>　　　　　　　　Plaintiffs, <br><br>　　　-against- <br><br>OSCAR DE LA RENTA , LLC, or any other entities affiliated with or controlled by OSCAR DE LA RENTA, LLC, <br><br>　　　　　　　　Defendant. | Civil Action No.: <br><br>**NOTICE OF REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT (28 U.S.C §§ 1332, 1446 AND 1453)** <br><br>(New York Supreme Court, County of New York, Index No. 158578/2014) |

**PLEASE TAKE NOTICE** that, pursuant to the federal Class Action Fairness Act (28 U.S.C. §§ 1332, 1446 and 1453), defendant Oscar de La Renta ("Defendant") through its undersigned counsel, Proskauer Rose LLP, respectfully notices removal of this action from the New York Supreme Court, County of New York, to the United States District Court for the Southern District of New York, by filing of this Notice of Removal with the Clerk of the United States District Court for the Southern District of New York.

Defendant, by and through its undersigned counsel, respectfully states the following as grounds for removal of this action:

**I.　　BACKGROUND**

　　1.　　On or about September 3, 2014, Plaintiff Monica Ramirez filed an action in the New York Supreme Court, County of New York, entitled *Ramirez at al v. Oscar de La Renta, LLC* which was assigned Index No. 158578/2014 (the "State Court Action").

2. On or about September 4, 2014, Defendant was served with a copy of the Summons and Complaint in the State Court Action. (A copy of the Summons and Complaint is annexed hereto as "Exhibit 1").

3. In the Complaint, Plaintiff contends that in connection with her purported employment with Defendant, Defendant: failed to pay her all earned wages; misclassified her as exempt (*i.e.*, "intern") from minimum wage compensation; and failed to provide her minimum wages for work performed. (Complaint ¶ 15-16.) Plaintiff further alleges that Defendant's conduct violated the New York wage and hour laws and seeks unpaid wages, interest, punitive liquidated damages, and attorneys' fees and costs. (*Id.* WHEREFORE Clause.)

4. Plaintiff purports to file this action "on behalf of Plaintiff and a class consisting of each and every other person who worked for the Defendant as interns," and were thus misclassified as exempt from minimum wage requirements. (*Id.* at ¶ 13-23.)

5. On or about October 20, 2014, Defendant submitted its response to the Complaint in the State Court Action. (A copy of Defendant's Answer to the Complaint is annexed hereto as "Exhibit 2").

II. **THE CLASS ACTION FAIRNESS ACT GRANTS THIS COURT JURISDICTION OVER THIS PUTATIVE CLASS**

6. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005) (codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453(b)) ("CAFA"), because: (i) the proposed putative class consists of at least 100 proposed class members; (ii) the citizenship of at least one proposed class member is diverse from Defendant; and (iii) the amount in controversy,

after aggregating the sum or value of each proposed class member's claim, exceeds $5 million, exclusive of interest and costs.

7. Removal of this action is timely because the Complaint failed to provide ample notice as to the numeric or diversity composition of the proposed class or the aggregate sum of damages the proposed class sought. Rather, Defendant learned that this action satisfies the CAFA requirements only after commencing its own independent investigation. *See Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 146-148 (2d Cir. 2014).

8. Plaintiff alleges that the Proposed Class "consists of each and every other person who worked for the Defendant as interns, and was thus misclassified as exempt from minimum wage requirements." (Complaint ¶ 16.) Defendant has determined that the number of potential putative class members approximates 600 individuals. Because the Proposed Class consists of at least 100 proposed class members, 28 U.S.C. § 1332(d)(5)'s requirement is satisfied.

9. As alleged, Defendant is a corporation engaged in the apparel industry organized and existing under the laws of the State of Delaware, and headquartered in the State of New York with its principal place of business located at 11 West 42nd Street, New York, NY 10036. (Complaint ¶ 9.)

10. Defendant's documents establish that at least one proposed class member is not a resident of either Delaware or New York. Consequently, 28 U.S.C. § 1332(d)(2)'s diversity of citizenship requirement is satisfied because there is diversity of citizenship between at least one proposed class member and Defendant.

11. Plaintiff requests on her own behalf and on behalf of the Proposed Class, based on alleged conduct dating back to August 2008, unpaid wages, interest, punitive liquidated damages, statutory penalties and interest, and attorneys' and costs. (Complaint ¶¶ 45, 53, and 60, WHEREFORE clause.) Such liability is predicated upon Plaintiff's allegations that Defendant has intentionally misclassified every individual in the Proposed Class as an "intern" and, as such, failed to properly compensate each Proposed Class member in accordance with New York wage and hour laws. Accepting Plaintiff's factual allegations as true and legal allegations as correct solely for evaluating the amount in controversy, based on the number of hours Plaintiff allegedly worked and the number of potential putative class members as well as the right to punitive liquidated damages, statutory penalties, and attorneys' fees under New York law, the amount in controversy exceeds $5 million.[1] Consequently, the requisite amount in controversy for federal diversity jurisdiction under 28 U.S.C. § 1332(d)(2) & (6) is met.

12. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the State Action is pending.

13. By filing this Notice, Defendant does not waive any defenses that may be available to it, and Defendant reserves the right to amend or supplement this Notice.

14. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice will be served on Plaintiff and a copy of this Notice will be filed with the Clerk of the New York Supreme Court, County of New York, promptly after the filing of this Notice with this Court.

---

[1] Defendant reserves all defenses, denies all liability and contends that Plaintiff's allegations are meritless.

**WHEREFORE**, Defendant respectfully prays that this action proceed in this Court as a matter properly removed thereto.

Dated: October 7, 2016

Respectfully Submitted,

s/Elise M. Bloom

Elise M. Bloom
Alychia Buchan
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
Phone: (212) 969-3000
Fax: (212) 969-2900
ebloom@proskauer.com
abuchan@proskauer.com

Mark W. Batten
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600
Phone: (617) 526-9600
Fax: (617) 526.9899
mbatten@proskauer.com

*Attorneys for Defendant*