**EXHIBIT 1**

State of New York - Department of State
Division of Corporations

Party Served:
OSCAR DE LA RENTA, LLC

Plaintiff/Petitioner:
RAMIREZ, MONICA

OSCAR DE LA RENTA, LLC
11 WEST 42ND STREET
NEW YORK, NY 10036

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of State on 09/04/2014 pursuant to SECTION 303 OF THE LIMITED LIABILITY COMPANY LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X

MONICA RAMIREZ, et al.

                              Plaintiff/Petitioner,

    - against -                                  Index No. 158578/2014

OSCAR DE LA RENTA, LLC., et al.

                              Defendant/Respondent.
---------------------------------------------------------------X

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: 9/3/2014

_____ (Signature)
Alison Genova Esq. (Name)
Virginia & Ambinder, LLP (Firm Name)

40 Broad St, 7th Floor (Address)
New York, NY 10004

(212) 943-9080 (Phone)
agenova@vandallp.com (E-Mail)

To: OSCAR DE LA RENTA, LLC
11 West 42nd Street
New York, NY 10036

4/2/13

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| MONICA RAMIREZ, individually and on behalf of other persons similarly situated who were employed by OSCAR DE LA RENTA, LLC. or any other entities affiliated with or controlled by OSCAR DE LA RENTA, LLC., <br><br> Plaintiffs, <br><br> -against-- <br><br> OSCAR DE LA RENTA, LLC. or any other entities affiliated with or controlled by OSCAR DE LA RENTA, LLC., <br><br> Defendant. | Index No.: <br> Date Filed: <br><br> Plaintiff designates the County of New York as the place of trial. <br><br> Venue is based on lex loci actus. <br><br> **SUMMONS** |

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned to serve upon Plaintiff's attorneys an answer to the complaint in this action within 30 days after service of this summons. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       September 3, 2014

                                        VIRGINIA & AMBINDER, LLP

                                        By:    s/Lloyd Ambinder
                                               Lloyd Ambinder
                                               Leonor H. Coyle
                                               40 Broad Street, Seventh Floor
                                               New York, NY 10004
                                               Tel:  (212) 943-9080
                                               Fax:  (212) 943-9082
                                               lambinder@vandallp.com

                                               -and-

                                        LEEDS BROWN LAW, P.C.
                                        Jeffrey K. Brown
                                        One Old Country Road, Suite 347
                                        Carle Place, New York 11514
                                        Tel:  (516) 873-9550
                                        jbrown@leedsbrownlaw.com

                                        *Attorneys for Plaintiff and putative class*

TO:   OSCAR DE LA RENTA, LLP
      11 West 42nd Street
      New York, NY 10036

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| MONICA RAMIREZ, individually and on behalf of other persons similarly situated who were employed by OSCAR DE LA RENTA, LLC or any other entities affiliated with or controlled by OSCAR DE LA RENTA, LLC,<br>Plaintiffs,<br>-against-<br>OSCAR DE LA RENTA, LLC or any other entities affiliated with or controlled by OSCAR DE LA RENTA, LLC,<br>Defendant. | Index No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial** |

The Named Plaintiff, by her attorneys Leeds Brown Law, P.C. and Virginia & Ambinder, LLP, allege upon knowledge to herself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to New York Labor Law Article 19 § 650, *et seq.*, New York Labor Law Article 6 §§ 190, *et seq.* ("NYLL"), 12 New York Codes, Rules and Regulations ("NYCRR") § 142-2.1, to recover unpaid minimum wages owed to Plaintiff and all similarly situated persons who are presently or were formerly employed by OSCAR DE LA RENTA, LLC. or any other entities affiliated with or controlled by OSCAR DE LA RENTA, LLC. (hereinafter referred to as "Defendant").

2. Beginning in approximately August 2008 and, upon information and belief, continuing through the present, Defendant has wrongfully withheld wages from Plaintiff and other similarly situated individuals who worked for Defendant.

3. Beginning in approximately August 2008 and, upon information and belief, continuing through the present, Defendant has wrongfully classified Plaintiff and others similarly situated as exempt from minimum wages.

-3-

4. Beginning in approximately August 2008 and, upon information and belief, continuing through the present, Defendant has failed to provide compensation at the statutory minimum wage rate for all hours worked.

5. Plaintiff has initiated this action seeking for herself, and on behalf of all similarly situated employees, all compensation, including minimum wages, which they were deprived of, plus interest, attorneys' fees, and costs.

## THE PARTIES

6. The Named Plaintiff, Monica Ramirez, is an individual who is currently a resident of Queens, New York.

7. Plaintiff was employed by Defendant from approximately January of 2009 through April of 2009 in Defendant's Manhattan office.

8. Although the Defendant misclassified Plaintiff and other members of the putative class as unpaid interns, Plaintiff is a covered employee within the meaning of the NYLL.

9. Upon information and belief, Defendant OSCAR DE LA RENTA, LLC. is a Business Corporation organized and existing under the laws of the state of Delaware, and headquartered in the State of New York, with its principal place of business at 11 West 42nd Street, New York, NY 10036, and is engaged in the accessories and apparel industry.

10. Defendant has had substantial control over Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

11. Defendant is a covered employer within the meaning of NYLL, and, at all relevant times, employed Plaintiff and similarly situated employees.

12. Upon information and belief, Defendant uniformly applies the same employment policies, practices, and procedures to all interns who work at Defendant's locations in the State

of New York.

## CLASS ALLEGATIONS

13. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 12 hereof.

14. This action is properly maintainable as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules.

15. This action is brought on behalf of the Plaintiff and a class consisting of each and every other person who worked for the Defendant as interns, and were thus misclassified as exempt from minimum wage requirements.

16. Plaintiff and putative class members are all victims of the Defendant's common policy and/or plan to violate New York wage and hour statutes by (1) failing to pay all earned wages; (2) misclassifying Plaintiff and members of the putative class as exempt from minimum wage compensation; (3) failing to provide minimum wages for work performed.

17. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 40 individuals. In addition, the names of all potential members of the putative class are not known.

18. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether Defendant failed to pay Plaintiff and members of the putative class all earned wages; (2) whether the Defendant misclassified Plaintiff and members of the putative class as exempt from minimum wages; and (3) whether the Defendant required Plaintiff and members of the putative class to perform work on its behalf and for its benefit for which they were not compensated.

19. The claims of the Plaintiff are typical of the claims of the putative class. The Plaintiff and putative class members were all subject to Defendant's policies and willful practices of failing to pay employees all earned minimum wages. Plaintiff and putative class members thus have sustained similar injuries as a result of the Defendant's actions.

20. The Plaintiff and her counsel will fairly and adequately protect the interests of the putative class. Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class members lack the financial resources to adequately prosecute separate lawsuits against Defendant. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation. Finally, a class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

22. Prosecuting and defending multiple actions would be impracticable.

23. Managing a class action will not result in undue difficulties.

## FACTS

24. Upon information and belief, beginning in or around August 2008, the Defendant employed Plaintiff and putative class members to perform various tasks, including but not limited to, creating line-sheets, pricing, fabric cutting for preparation of swatch boards, preparation of accessory boards, presentation of boards directly to buyers at meetings, put together look books, made necklaces that retailed for $300-400, ordered coffee and food for direct supervisor, delivered fabric and accessories to vendors, and dressed models for fashion shows.

25. Defendant did not provide any compensation to Plaintiff and putative class members for the hours worked.

26. Defendant has benefitted from the work that Plaintiff and putative class members performed.

27. Defendant would have hired additional employees or required existing staff to work additional hours had Plaintiff and the putative class members not performed work for Defendant.

28. Defendant did not provide academic or vocational training to Plaintiff or putative class members.

29. Defendant's unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by denying Plaintiff and the putative class members compensation in violation of the NYLL and its implementing regulations.

30. Defendant's unlawful conduct, as set forth in this Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the putative class.

31. Upon information and belief, while working for Defendant, the Plaintiff and putative class members were regularly required to perform work for Defendant, without receiving minimum wages for all hours worked.

32. Plaintiff Monica Ramirez was employed by Defendant from January 2009 through April 2009.

33. Throughout the course of her employment, Plaintiff typically worked five days each week, and on occasion six days a week. Plaintiff routinely worked eight and one half hours each day.

34. During Plaintiff's term of employment, her duties included, but were not limited

to, creating line-sheets, pricing, fabric cutting for preparation of swatch boards, preparation of accessory boards, presentation of boards directly to buyers at meetings, put together look books, made necklaces that retailed for $300-400, ordered coffee and food for direct supervisor, delivered fabric and accessories to vendors, and dressed models for fashion shows, and other similar tasks necessary to the operation of the Defendant's business.

35. Plaintiff was not paid any wages, and thus was not compensated at a rate in compliance with the statutory minimum wage rate.

### FIRST CAUSE OF ACTION AGAINST DEFENDANT: NEW YORK MINIMUM WAGE COMPENSATION

36. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 35 hereof.

37. Title 12 NYCRR § 142-2.1 states that, "(a) [t]he basic minimum hourly rate shall be: (1) $7.15 per hour on and after January 1, 2007; (2) $7.25 per hour on and after July 24, 2009; (3) $8.00 per hour on and after December 31, 2013; (4) $8.75 per hour on and after December 31, 2014 . . . ."

38. New York Labor Law § 663, provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

39. Pursuant to Labor Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

40. As persons employed for hire by Defendant, Plaintiff and members of the putative class are "employees," as understood in Labor Law § 651.

41. Pursuant to Labor Law § 651, the term "employer" includes any "any individual,

partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer."

42. Pursuant to New York Labor Law §§ 190, *et seq.*, 650, *et seq.*, and the cases interpreting same, Defendant as an "employer."

43. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendant and protect Plaintiff and members of the putative class.

44. Defendant failed to pay Plaintiff and other members of the putative class minimum wages for all hours works, in violation of Title 12 NYCRR § 142-2.1 and Labor Law § 663.

45. By the foregoing reasons, Defendant has violated Title 12 NYCRR § 142-2.1 and Labor Law § 663, and are liable to Plaintiff and members of the putative class in an amount to be determined at trial, interest, and attorneys' fees and costs.

### SECOND CAUSE OF ACTION AGAINST DEFENDANT: FAILURE TO PAY WAGES

46. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 45 hereof.

47. Pursuant to Article Six of the New York Labor Law, workers, such as Plaintiff and members of the putative class, are protected from wage underpayments and improper employment practices.

48. Plaintiff's agreed upon wage rate and/or minimum wage rate was within the meaning of New York Labor Law §§ 190, 191, and 652.

49. Pursuant to Labor Law § 191 and the cases interpreting same, workers such as the Plaintiff and members of the putative class are entitled to be paid all their weekly wages "not

later than seven calendar days after the end of the week in which the wages are earned."

50. In failing to pay the Plaintiff and members of the putative class minimum wages for time worked, Defendant violated Labor Law § 191.

51. Pursuant to Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as the Plaintiff and members of the putative class, that is not otherwise authorized by law or by the employee.

52. By withholding minimum wages from Plaintiff and members of the putative class, pursuant to New York Labor law § 193 and the cases interpreting same, Defendant made unlawful deductions.

53. By the foregoing reasons, Defendant has violated New York Labor Law § 198 and are liable to Plaintiff and members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANT: NEW YORK WAGE THEFT NOTICE

54. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 55 hereof.

55. Pursuant to Article Six of the New York Labor Law, Defendant is an employer within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

56. Plaintiff, and those individuals similarly situated are employees within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

57. NYLL § 195(1) requires an employer, such as Defendant, at commencement of employment and in February of every year, to "provide his or her employees, in writing in

English and in the language identified by each employee as the primary language of such employee, ... a notice containing... the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances."

58.     NYLL § 195(3) requires an employer such as Defendant to "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked . . . ."

59.     Plaintiff, and upon information and belief other members of the putative class, did not receive the required yearly wage notice or required weekly wage statements pursuant to NYLL § 195.

60.     By the foregoing reasons, Defendant has violated NYLL § 195 and is liable to Plaintiffs and other members of the putative class for the penalties set forth in N.Y. Labor Law § 198, pre-judgment interest, post-judgment interest, attorneys' fees, and the costs and disbursements of this action.

**WHEREFORE,** the Plaintiff, individually and on behalf of all other persons similarly situated who were employed by Defendant, seeks the following relief:

(1)     on the first cause of action against Defendant in an amount to be determined at trial, in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs,

(2)     on the second cause of action against Defendant in an amount to be determined at trial, plus interest, attorneys' fees and costs;

(3)     On the third cause of action against Defendant in an amount to be determined at trial, plus interest, attorneys' fees and costs, pursuant to the cited New York Labor Law provisions;

(4)     together with such other and further relief the Court may deem appropriate.

Dated: New York, New York
       September 3, 2014

VIRGINIA & AMBINDER, LLP

By:     s/Lloyd Ambinder
        Lloyd Ambinder
        Leonor H. Coyle
        40 Broad Street, Seventh Floor
        New York, NY 10004
Tel:    (212) 943-9080
Fax:    (212) 943-9082
        lambinder@vandallp.com
        lcoyle@vandallp.com

                -and-

LEEDS BROWN LAW, P.C.
Jeffrey K. Brown, Esq.
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel:    (516) 873-9550
jbrown@leedsbrownlaw.com

*Attorneys for Plaintiff and putative class*



US POSTAGE >> PITNEY BOWES
$ 004.70
ZIP 12210
02 1W
0001391831 SEP 11 2014

DOS-470 (Rev. 4/08)
**DEPARTMENT OF STATE**
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001

Return Service Requested

USPS CERTIFIED MAIL

9214 8969 0059 7933 0719 09

201409100349
OSCAR DE LA RENTA, LLC
11 WEST 42ND STREET
NEW YORK NY, 10036