# EXHIBIT 2

PROSKAUER ROSE LLP
Elise M. Bloom
Alychia L. Buchan
Eleven Times Square
New York, NY 10036-8299
T: 212.969.3000
F: 212.969.2900
ebloom@proskauer.com
abuchan@proskauer.com
*Attorneys for Defendant*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| MONICA RAMIREZ, individually and on behalf of other persons similarly situated who were employed by OSCAR DE LA RENTA, LLC or any other entities affiliated with or controlled by OSCAR DE LA RENTA, LLC,<br><br>Plaintiffs,<br><br>-against-<br><br>OSCAR DE LA RENTA, LLC or any other entities affiliated with or controlled by OSCAR DE LA RENTA, LLC,<br><br>Defendant. | **Index No.:** 158578/2014<br><br>**NYECF Case**<br><br>**DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT** |

Defendant Oscar de la Renta, LLC ("Defendant"), by and through its attorneys,

Proskauer Rose LLP, states as follows for its answer to the Class Action Complaint (the

"Complaint"):

## AS TO THE PRELIMINARY STATEMENT

1.      Defendant denies the allegations in paragraph 1 of the Complaint, except admits

that Plaintiff purports to bring this action against Defendant under the statutes and theories

asserted therein on her own behalf and on behalf of a class of "all similarly situated persons."

2.      Defendant denies the allegations in paragraph 2 of the Complaint.

1

3.      Defendant denies the allegations in paragraph 3 of the Complaint.

4.      Defendant denies the allegations in paragraph 4 of the Complaint.

5.      Defendant denies the allegations in paragraph 5 of the Complaint, except admits that Plaintiff has initiated this action purporting to seek the relief mentioned therein for herself and on behalf of "all similarly situated employees."

## AS TO THE PARTIES

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.      Defendant denies the allegations in paragraph 7 of the Complaint.

8.      Defendant denies the allegations in paragraph 8 of the Complaint.

9.      Defendant denies the allegations in paragraph 9 of the Complaint and avers that it is a limited liability company organized under the laws of the state of Delaware and registered to conduct business in the state of New York, with offices located at 11 West 42nd Street, New York, New York.  Defendant further avers that it operates in the apparel and accessory merchant wholesale industry.

10.     Defendant denies the allegations in paragraph 10 of the Complaint.

11.     Defendant denies the allegations in paragraph 11 of the Complaint.

12.     Defendant denies the allegations in paragraph 12 of the Complaint.

## AS TO THE CLASS ALLEGATIONS

13.     Defendant repeats and realleges each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

14.     Defendant denies the allegations in paragraph 14 of the Complaint.

15.     Defendant denies the allegations in paragraph 15 of the Complaint, except admits that Plaintiff attempts to bring this action on behalf of herself and a purported class of interns allegedly misclassified as exempt from the minimum wage requirements.

16.     Defendant denies the allegations in paragraph 16 of the Complaint.

17.     Defendant denies the allegations in paragraph 17 of the Complaint, except denies knowledge or information sufficient to form a belief as to whether the names of all potential members of the purported putative class are known.

18.     Defendant denies the allegations in paragraph 18 of the Complaint.

19.     Defendant denies the allegations in paragraph 19 of the Complaint.

20.     Defendant denies the allegations in paragraph 20 of the Complaint, except admits upon information and belief that plaintiff's counsel has litigated other wage-and-hour class action litigation.

21.     Defendant denies the allegations in paragraph 21 of the Complaint, except denies knowledge or information sufficient to form a belief as to the financial resources of Plaintiff and putative class members.

22.     Defendant denies the allegations in paragraph 22 of the Complaint.

3

23.    Defendant denies the allegations in paragraph 23 of the Complaint.

## AS TO THE FACTS

24.    Defendant denies the allegations in paragraph 24 of the Complaint.

25.    Defendant denies the allegations in paragraph 25 of the Complaint and avers that it did not provide wages to interns for activities performed as part of their unpaid internship experiences.

26.    Defendant denies the allegations in paragraph 26 of the Complaint.

27.    Defendant denies the allegations in paragraph 27 of the Complaint.

28.    Defendant denies the allegations in paragraph 28 of the Complaint.

29.    Defendant denies the allegations in paragraph 29 of the Complaint.

30.    Defendant denies the allegations in paragraph 30 of the Complaint.

31.    Defendant denies the allegations in paragraph 31 of the Complaint.

32.    Defendant denies the allegations in paragraph 32 of the Complaint.

33.    Defendant denies the allegations in paragraph 33 of the Complaint.

34.    Defendant denies the allegations in paragraph 34 of the Complaint.

35.    Defendant denies the allegations in paragraph 35 of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION AGAINST DEFENDANT:
## NEW YORK MINIMUM WAGE COMPENSATION

36.    Defendant repeats and realleges each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

37.    Defendant neither admits nor denies the allegations in paragraph 37 of the Complaint because they are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendant denies the allegations and refers the Court to 12 NYCRR § 142-2.1 for a complete and accurate statement of its wording.

38.    Defendant neither admits nor denies the allegations in paragraph 38 of the Complaint because they are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendant denies the allegations and refers the Court to New York Labor Law § 663 for a complete and accurate statement of its wording.

39.    Defendant neither admits nor denies the allegations in paragraph 39 of the Complaint because they are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendant denies the allegations and refers the Court to New York Labor Law § 651 for a complete and accurate statement of its wording.

40.    Defendant denies the allegations in paragraph 40 of the Complaint.

41.    Defendant neither admits nor denies the allegations in paragraph 41 of the Complaint because they are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendant denies the allegations and refers the Court to New York Labor Law § 651 for a complete and accurate statement of its wording.

42.     Defendant denies the allegations in paragraph 42 of the Complaint.

43.     Defendant denies the allegations in paragraph 43 of the Complaint.

44.     Defendant denies the allegations in paragraph 44 of the Complaint.

45.     Defendant denies the allegations in paragraph 45 of the Complaint.

**AS TO THE SECOND CAUSE OF ACTION AGAINST DEFENDANT:**
**FAILURE TO PAY WAGES**

46.     Defendant repeats and realleges each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

47.     Defendant denies the allegations in paragraph 47 of the Complaint.

48.     Defendant denies the allegations in paragraph 48 of the Complaint.

49.     Defendant denies the allegations in paragraph 49 of the Complaint.

50.     Defendant denies the allegations in paragraph 50 of the Complaint.

51.     Defendant denies the allegation of Paragraph 51 that Plaintiff and members of the putative class were employees within the meaning of Labor Law §193.  Defendant neither admits nor denies the remaining allegations in paragraph 51 because they are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendant denies the allegations and refers the Court to New York Labor Law § 193 for a complete and accurate statement of the wording.

52.     Defendant denies the allegations in paragraph 52 of the Complaint.

53.     Defendant denies the allegations in paragraph 53 of the Complaint.

**AS TO THE THIRD CAUSE OF ACTION AGAINST DEFENDANT:**
**NEW YORK WAGE THEFT NOTICE**

54.     Defendant repeats and realleges each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

55.     Defendant denies the allegations in paragraph 55 of the Complaint.

56.     Defendant denies the allegations in paragraph 56 of the Complaint.

57.     Defendant denies the allegation of Paragraph 57 that it is an "employer" of Plaintiff or any putative class member within the meaning of NYLL §195(1). Defendant neither admits nor denies the remaining allegations in paragraph 57 because they are conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations and refers the Court to the New York Labor Law § 195(1) for a complete and accurate statement of the wording.

58.     Defendant denies the allegation of Paragraph 58 that it is an "employer" of Plaintiff or any putative class member within the meaning of NYLL §195(3). Defendant neither admits nor denies the remaining allegations in paragraph 58 because they are conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations and refers the Court to the New York Labor Law § 195(3) for a complete and accurate statement of the wording.

59.     Defendant denies the allegations in paragraph 59 of the Complaint.

### AS TO THE "WHEREFORE" CLAUSE

The last paragraph of the Complaint entitled "Wherefore," and its subsections (1), (2), (3) and (4), are prayers for relief as to which no response is required.  To the extent a response is required, Defendant denies the allegations in that paragraph and its subsections and further denies that Plaintiff or any purported putative class member is entitled to any relief requested or any other relief.

### GENERAL DENIAL

Defendant denies each and every allegation in the Complaint not specifically admitted herein.

### SEPARATE DEFENSES

Defendant reserves the right to amend this Answer and to assert additional defenses and/or supplement, alter, or change its' Answer and Separate Defenses upon completion of appropriate investigation and discovery.

### FIRST SEPARATE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted or for which the damages sought can be awarded.

### SECOND SEPARATE DEFENSE

To the extent Plaintiff is deemed to be an "employee" within the meaning of the New York Labor Law, she was not an employee of Defendant.

### THIRD SEPARATE DEFENSE

The purported putative class members' claims are barred, in whole or in part, because they were or are properly classified as interns and are not employees under the applicable law.

## FOURTH SEPARATE DEFENSE

Subject to proof through discovery, some or all of Plaintiff's and/or the putative class members' claims are barred, in whole or in part, by the applicable statute(s) of limitations.

## FIFTH SEPARATE DEFENSE

The types of claims alleged by Plaintiff, the existence of which are expressly denied, are not appropriate for class treatment pursuant to the New York Civil Practice Law and Rules Article 9.

## SIXTH SEPARATE DEFENSE

If Defendant is found to have failed to compensate Plaintiff and/or purported putative class members as alleged in the Complaint, Defendant acted at all times on the basis of a good faith and reasonable belief that its actions were in compliance and conformity with all applicable federal and state laws and/or written administrative regulations, orders, rulings, guidance and/or interpretations and, therefore, Defendant's actions were not willful or in reckless disregard of applicable law.

## SEVENTH SEPARATE DEFENSE

There is no class of persons similarly situated to Plaintiff; therefore, this action may not be maintained as a class action pursuant to the New York Civil Practice Law and Rules Article 9.

## EIGHTH SEPARATE DEFENSE

Plaintiff's monetary claims, and the claims of the purported putative class, are barred in whole or in part, because they have not suffered any injury or damage as a result of any actions allegedly taken by Defendant.

## NINTH SEPARATE DEFENSE

Plaintiff is an inadequate representative of the purported putative class.

9

## TENTH SEPARATE DEFENSE

Plaintiff's claims, and those of purported putative members of the class, are barred by the doctrines of laches.

## ELEVENTH SEPARATE DEFENSE

Plaintiff's claims, and those of purported putative members of the class, are barred by the doctrines of unclean hands.

## TWELFTH SEPARATE DEFENSE

Plaintiff's claims, and those of purported putative members of the class, are barred by waiver.

## THIRTEENTH SEPARATE DEFENSE

Plaintiff's claims, and those of purported putative members of the class, are barred by the doctrine of estoppel.

## FOURTEENTH SEPARATE DEFENSE

If Defendant is found to have failed to compensate Plaintiff, and/or any purported putative members of the class, any amount due, Defendant is entitled to set off any overpayments or other sums owed by any such Plaintiff or purported putative class member against any judgment.

## FIFTEENTH SEPARATE DEFENSE

Plaintiff and/or the purported class members have received full compensation for all work performed, thereby barring their claims, by among other things, the doctrines of release and payment.

## SIXTEENTH SEPARATE DEFENSE

Plaintiff's claims, in whole or in part, are not sufficient to establish a claim for attorneys' fees.

## SEVENTEENTH SEPARATE DEFENSE

Any demand for liquidated damages renders this action inappropriate for treatment as a class action, and award of such damages on an aggregate basis would deny Defendant due process.

**WHEREFORE,** Defendant respectfully requests that this Court:   (a) dismiss the Complaint in its entirety, with prejudice; (b) deny each and every request for relief set forth in the Complaint; (c) award Defendant its reasonable attorneys' fees and legal expenses; (d) award Defendant its costs and disbursements incurred in defense of this action; and (e) award Defendant any other relief the Court deems just and proper.

Dated: New York, New York
      October 20, 2014                  PROSKAUER ROSE LLP


                                     By:  /s/ Elise M. Bloom
                                             Elise M. Bloom
                                             Alychia L. Buchan
                                   Eleven Times Square
                                   New York, NY  10036-8299
                                   Phone:  (212) 969-3000
                                   Fax: (212) 969-2900
                                   ebloom@proskauer.com
                                   abuchan@proskauer.com
                                   *Attorneys for Defendant*

To:     VIRGINIA & AMBINDER, LLP
         Lloyd Ambinder
         Leonor H. Coyle
         40 Broad Street, Seventh Floor
         New York, NY 10004
         - and -
         LEEDS BROWN LAW, P.C.
         Jeffrey K. Brown
         One Old Country Road, Suite 347
         Carle Place, NY 11514
         *Attorneys for Plaintiff and Putative Class*

11