UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONICA RAMIREZ, individually and on behalf of other persons similarly situated who were employed by OSCAR DE LA RENTA, LLC, or any other entities affiliated with or controlled by OSCAR DE LA RENTA, LLC, <br><br>             Plaintiffs, <br><br> - against - <br><br> OSCAR DE LA RENTA, LLC, or any other entities affiliated with or controlled by OSCAR DE LA RENTA, LLC, <br><br>             Defendants. | 16 Civ. 7855 (RA) (DCF) |

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO REMAND

VIRGINIA & AMBINDER, LLP
LaDonna M. Lusher
Suzanne B. Leeds
Alison L. Genova
40 Broad Street, 7th Floor
New York, New York 10004
Tel: (212) 943-9080
Fax: (212) 943-9082
llusher@vandallp.com

LEEDS BROWN LAW, P.C.
Jeffrey K. Brown
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel: (516) 873-9550
jbrown@leedsbrownlaw.com

*Attorneys for Plaintiff and the Putative Class*

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   iii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

    I. Defendant Has Failed to Establish That There is At Least $5 Million in Controversy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

    II. Defendant's Removal is Untimely. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

    III. In the Alternative, CAFA's Exceptions Apply. . . . . . . . . . . . . . . . . . . . . . . .   8

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

# **TABLE OF AUTHORITIES**

*Cases*                                                                                                                     PAGE

Amoche v. Guarantee Trust Life Ins. Co.,
556 F.3d 41, 51 (1st Cir. 2009) ……………………………………………………………………5

Blockbuster, Inc. v. Galeno,
472 F.3d 53 (2d Cir. 2006)……………………………………………………………….........1

Collins v. Landau,
2010 U.S. Dist. LEXIS 127813, 2010 WL 5069907 (D. Conn. Dec. 3, 2010)……………………7

Commisso v. Price Waterhouse Coopers LLP,
2012 U.S. Dist. LEXIS 105151 (S.D.N.Y. July 26, 2012)………………………………………..1

Cutrone v. Mortg. Elec. Registration Sys., Inc.,
749 F.3d 137, 143 (2d Cir. 2014)……………………………………………………………6, 7

Dabrowski v. Abax, Inc.,
84 A.D.3d 643 (1st Dept. 2011)………………………………………………………………..9

Fields v. Sony Corp. of Am.,
2014 U.S. Dist. LEXIS 109249 (S.D.N.Y. Aug. 4, 2014)………..……………………………...3, 10

Henry v. Warner Music Group Corp.,
2014 U.S. Dist. LEXIS 39309 (S.D.N.Y. Mar. 21, 2014)………………………………….3, 4, 10

Kuxhausen v. BMW Fin. Servs. NA LLC,
707 F.3d 1136, 1140 (9th Cir. 2013)…………………………………………………………...6

Mattera v. Clear Channel Comm., Inc.,
239 F.R.D. 70 (S.D.N.Y. 2006)…………………………………………………………............5

Ohno Enters. v. Allen,
2016 U.S. Dist. LEXIS 81183 (E.D.N.Y. June 22, 2016)………………………………………..7

Pruitt v Rockefeller Ctr. Props.,
167 A.D.2d 14 (1st Dept. 1991)……………………………………………………………..9

Roth v. CHA Hollywood Med. Ctr., L.P.,
720 F.3d 1121, 1125 (9th Cir. 2013)……………………………………………………...6

Smith v. Manhattan Club Timeshare Ass'n,
12 Civ. 6363, 2013 U.S. Dist. LEXIS 38760 (S.D.N.Y. March 15, 2013)………………………..5

Smith v. Manhattan Club Timeshare Ass'n,
No. 12 Civ. 6363, 2013 U.S. Dist. LEXIS 67835 (S.D.N.Y. May 10, 2013)……………………......2

***Statutes***

NYLL § 661………………………………………………………………………………….....5

N.Y. Comp. Codes R. & Regs, tit. 12 § 142-2.6……………………………………………….5

28  U.S.C.  §  1332………………………………………………………………………….....*pass*

Plaintiff Monica Ramirez brought this action on behalf of herself and other unpaid interns who provided numerous hours of free labor to Oscar De La Renta, LLC ("ODLR" or "Defendant"). Plaintiff's claims were brought pursuant to New York Labor Law ("NYLL") exclusively, and fall solely within the provenance of the State of New York and its long history of strong protections for the rights of its workers. It is clear that "no other state has anywhere near as significant an interest in the case as does New York." *Commisso v. Pricewaterhouse Coopers LLP*, 2012 U.S. Dist. LEXIS 105151, 21 (S.D.N.Y. July 26, 2012).

Defendant has utterly failed to meet its burden of establishing jurisdiction in this federal forum under the Class Action Fairness Act ("CAFA"). Defendant relies solely on gross exaggerations, inconsistent statements and conclusory assertions, rather than credible evidence it undeniably has in its possession. As set forth below, whether accepting Plaintiff's or Defendant's method of calculation— it is simply impossible for CAFA's $5 million threshold to be satisfied.

Moreover, Defendant's Notice of Removal is untimely and therefore procedurally defective. This action has been pending in the New York Supreme Court for two years. Instead of litigating this case, Defendant has shirked its discovery obligations by refusing to produce even the most rudimentary information regarding the putative class, and now seeks to use its delinquency as justification for its belated attempt to remove this case. Such gamesmanship should not be countenanced, and Plaintiff's motion to remand should be granted.

**I.     Defendant Has Failed to Establish That There is At Least $5 Million in Controversy**

The Class Action Fairness Act requires that the party asserting Federal jurisdiction under 28 U.S.C. § 1332(d), bear the burden of proving jurisdiction. *See Blockbuster Inc. v. Galeno*, 472 F.3d 53 (2nd Cir. 2006). To satisfy CAFA's $5 million threshold, Defendants are required to proffer "'competent proof' and 'justify [its] allegations by a preponderance of evidence.'" *Smith*

1

*v. Manhattan Club Timeshare Ass'n*, No. 12 Civ. 6363, 2013 U.S. Dist. LEXIS 67835, *8 (S.D.N.Y. May 10, 2013), (quoting *United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994)). Defendant utterly fails to meet its burden. To demonstrate that the five-million-dollar threshold is met, Defendant proffers nothing more than conclusory information without any substantiated proof. In fact, Defendant conveniently increases the amount of individuals in the putative class from its initial Notice of Removal without any evidence or explanation for this discrepancy (Def. Brief, fn 7). Defendant merely bases its calculations on bare assumptions, without undertaking *any* analysis of records or submitting documentary evidence to support any of its assertions. Most importantly, Defendant's calculations are severely flawed and mischaracterize the facts of this case.

First, Defendant's calculations incorrectly consider an overtime component. [Def. Brief, pg. 4-5]. Defendant deliberately omits that the Plaintiff did not plead *any* overtime allegations in her Complaint, or assert any cause of action to recover overtime compensation. Plaintiff's causes of action only seek damages for unpaid minimum wages and failure to provide wage statements. [Lusher Dec., Ex. A, ¶¶ 36-60]. Accordingly, overtime compensation cannot be considered as part of the amount in controversy when examining jurisdiction under CAFA.

Moreover, although Plaintiff's Complaint alleges that she worked five days each week, for 8 ½ hours each day, any damage calculation would include at least a thirty to sixty minute break for lunch. [Ex. A, ¶¶ 33-35]. This would result in the actual amount of unpaid hours to be 40 or fewer hours each week (7.5 – 8 hours for 5 days each week) and would support that Plaintiff did not claim she is owed any overtime compensation in her Complaint.

Second, Defendant's calculations are problematic in that they grossly exaggerate the length of the internship period to 17 weeks. [Def. Brief, pg. 4-5]. A college internship typically spans

2

one semester, which is a twelve-week period.  *See e.g. Henry v. Warner Music Group Corp.*, 2014 U.S. Dist. LEXIS 39309, *10 (S.D.N.Y. Mar. 21, 2014). In other actions involving unpaid interns, the defendants-employers estimated that the average internship lasted approximately ten weeks. *See e.g. Fields v. Sony Corp. of Am.*, 2014 U.S. Dist. LEXIS 109249, *7 (S.D.N.Y. Aug. 4, 2014); *Henry*, 2014 U.S. Dist. LEXIS 39309, *10.

    Here, although the Plaintiff did not provide the exact dates of her internship, the Complaint states that she worked from January through April of 2009 during her Spring semester at LIM College.  Examining LIM's academic calendar[1], the school semester does not begin until January 17, and ends on April 28.  Further, Defendant's 17-week calculation fails to account for the interns' week-long Spring vacation, spanning March 13 through March 17. [*Id.*]  Based on these dates, it is fair to assume that a typical internship lasted ten to twelve weeks (e.g. interns likely started their internships the second week of classes, ended before the the last week, and took off the week of Spring Break).  Based on this more realistic number, the Plaintiff's individual damages total $3,480 ($7.25 x 40 hours each week x 12 weeks worked). Extrapolating Plaintiff Ramirez's damages to the rest of the class, using Defendant's average minimum wage rate of $7.67, the total amount in controversy is $2,466,672 (40 hours each week x $7.67 x 12 weeks x 670[2] class members)— well below the CAFA threshold.

    Additionally, as explained in Plaintiff's initial memorandum in support of her motion to remand, § 901(b) of the New York Civil Practice Law and Rules does not allow recovery of liquidated damages, penalties or a minimum measure of recovery in a class action brought pursuant to New York law unless the statute specifically authorizes the recovery thereof.  While Defendant

---

[1] LIM's Academic Calendar can be accessed at: https://www.limcollege.edu/academics/calendars.
[2] For purposes of this motion, Plaintiff will use Defendant's newly increased figure, even though the initial Notice of Removal referenced 600 class members, and Defendant has failed to provide any evidence or sworn statement to verify any amount of purported interns that it hosted.

attempts to increase its calculations by including Plaintiff's claims asserted under New York's Wage Theft Protection Act as statutory penalties instead of liquidated damages, these claims are still not recoverable under § 901(b) as they constitute a minimum measure of recovery (i.e., a set penalty of $50 per week). *See Borden v. 400 E. 55th St. Assoc., L.P.*, 24 N.Y.3d 382 (2014).

Nevertheless, even accepting Defendant's calculation of $300,000 for penalties under New York's Wage Theft Protection Act (Def. Brief, pg. 5)[3], the total still falls well below five million dollars ($2,766,672). Then considering attorneys' fees in the amount of 33% ($913,001.76), the amount does not come close to the CAFA threshold ($3,679,673.76). It should be noted that even including an overtime component, although it was not pled in the Complaint, the $5 million threshold would still not be met when using the proper amount of weeks worked.[4] As such, Defendant fails to establish CAFA jurisdiction, and this action must be remanded to Plaintiff's chosen forum in the Supreme Court of New York County.

Moreover, Defendant's exaggeration of the length of time worked is disingenuous, as it possesses the records to show exactly how long a typical internship lasted, yet chooses to withhold such information. This is likely because the average internship was much shorter than 17 weeks, and relying on its actual records would render it well below the requisite threshold for CAFA jurisdiction. In another removal action under CAFA involving unpaid interns, the defendant provided a sworn declaration from a Human Resources representative substantiating the average internship length, the size and geographical composition of the putative class to show entitlement to federal jurisdiction. *Henry v. Warner Music Group, Corp.*, 2014 U.S. Dist. LEXIS 39309, *9-10 (S.D.N.Y. Mar. 21, 2014). In other actions involving CAFA analysis, the court required the

---

[3] This amount would really be less, as Defendant's calculation was based on an exaggerated 17-week internship.
[4] For example: 670 interns x (weekly wages of $335.55 ((40 hours x $7.67)+(2.5 hours x OT rate of $11.50)) x 12 weeks worked ($4,026.60 per intern)= $2,697,822] + ($300,000 for New York's Wage Theft Act) + (1/3 attorneys' fees = $989,281.26) = $3,987,103.26.

4

defendant to submit evidence to meet their burden of establishing the actual amount in controversy. *Smith v. Manhattan Club Timeshare Ass'n*, 12 Civ. 6363, 2013 U.S. Dist. LEXIS 38760 (S.D.N.Y. March 15, 2013) (the court required the defendant to submit "competent proof" to meet its burden of establishing the actual amount in controversy "by a preponderance of evidence").

Further, in assessing whether the CAFA threshold has been met, courts "may consider which party has better access to the relevant information." *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) (*citing Evans v. Walter Indust. Inc.*, 449 F.3d 1159, 1164, n.3 (11th Cir. 2006)); *see also Mattera v. Clear Channel Communs., Inc.*, 239 F.R.D. 70, 80 (S.D.N.Y. 2006). ("party challenging federal jurisdiction may not be in the best position to gather that information"). Here, Defendant clearly has better access to the information required to make such a showing.[5] This is particularly true, in light of an employer's unequivocal burden to generate and maintain accurate records. *See, e.g.,* NYLL § 661; N.Y. Comp. Codes R. & Regs, tit. 12 § 142-2.6(a)(4).

Here, the Defendant could have easily provided information sufficient to show that the CAFA threshold had been met. Defendant failed to provide any information regarding the putative class of interns who worked in New York over the six-year period, such as the length of internships, the breakdown of interns per year, geographical information of its intern workforce, and the typical hours worked each week. Instead, it chose to rely solely on pure speculation.

---

[5] The court in *Amoche*, 556 F.3d at 52 held: "In assessing whether [defendant] has carried its burden or showing a reasonable probability that the amount in controversy exceeds $5 million, we may consider what information reasonably within [defendant]'s control it failed to present in addition to any affirmative evidence of the amount in controversy. For example, a statistical analysis involving a sampling of [defendant]'s credit insurance certificates could have given a rough sense for the class size. And [defendant] could have come forward with information regarding its market share and revenues from states other than New Hampshire that might have provided some insight to the court into the amount in controversy for a thirteen-state class action." In light of the *Amoche* defendant's failure to meet its burden, the court ultimately affirmed the district court's decision to remand the action. *Id*. at 53.

Nevertheless, Plaintiff's calculations undeniably show that Defendant simply cannot demonstrate that the amount in controversy exceeds $5 million and this action must be remanded.

## II.      Defendant's Removal is Untimely

Defendant's time to remove this action to federal court has long expired. Defendant should not be allowed to benefit by its own dilatory tactics throughout the discovery process. Defendant has withheld putative class information for over *two years*. It has refused to disclose even basic information regarding the size of the putative class— information in which they are in the sole possession— until the service of their Notice of Removal which has not been supported by any documentary evidence.

Conveniently, between the time Defendant served their Notice of Removal and filed their opposition to the instant motion, the size of the putative class has increased by 70 class members in what can only be seen as an effort to inch toward the $5 million threshold to justify removal of this action. Further, Defendant has failed to provide a shred of evidence from which these numbers can be verified. Now, Defendant attempts to take advantage of its deliberate evasion of its discovery obligations, its baseless representation as to the size of the putative class, and claim that it has only recently ascertained the aggregate damages in this action. Defendant has failed to meet the burden to apply a "reasonable amount of intelligence" to ascertain removability within the last two years. *Cutrone v. Mortg. Elec. Registration Sys., Inc*., 749 F.3d 137, 143 (2d Cir. 2014). *See also Kuxhausen v. BMW Fin. Servs. NA LLC,* 707 F.3d 1136, 1140 (9th Cir. 2013) ("defendant must 'apply a reasonable amount of intelligence in ascertaining removability.'"). Indeed, Defendants should not be able to ignore "documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." *Roth v. CHA Hollywood Med. Ctr., L.P*., 720 F.3d 1121, 1125 (9th Cir. 2013). Discovery responses constitute documents that would trigger the 30-day removal clock. *See Collins v. Landau,* 2010 U.S. Dist.

LEXIS 127813, 2010 WL 5069907, at *3 (D. Conn. Dec. 3, 2010) ("[I]t is undisputed that discovery responses may constitute such 'other paper,' a term which is read broadly.")

Here, Defendant failed to provide Plaintiff with the size of the putative class, despite its clear obligation to disclose such information in response to Plaintiff's discovery requests.[6] Indeed, Defendant has been on notice of this class action since September 4, 2014. Defendant certainly had an obligation to determine the size of the putative class in March 4, 2015 when it was served with Plaintiff's demands for documents and interrogatories. Now, Defendant fails to explain when or how it determined that the value of this action exceeded the minimum jurisdictional threshold. The failure to explain its years-long delay in ascertaining that information undermines any suggestion that they did not know the amount in controversy upon service of the complaint. *See Ohno Enters. v. Allen*, No. 15-CV-6675 (KAM) (RER), 2016 U.S. Dist. LEXIS 81183, at *17 (E.D.N.Y. June 22, 2016) ("Further, defendant does not explain when or how he determined that the value of this action exceeded $75,000, which substantially weakens any suggestion that he did not know upon service of the complaint that the amount in controversy permitted removal.").

Defendant's sole reliance on the factual analysis in *Cutrone* is unpersuasive. In *Cutrone*, Defendant took a mere 90 days from the service of the initial pleadings to examine their records and determine the size of the putative class, and therefore the reasonable probability of the amount in controversy. 749 F.3d at 139-141. Here, Defendant waited a full *two years* to remove the action (i.e. 764 days from the commencement of this action, and 583 days from the date in which they were served with requests for discovery). Defendant has failed to cite to a single authority where

---

[6] Defendant's claim that it had no obligation to produce information regarding the size of the putative class within the two years this litigation has been pending utterly misrepresents the factual history of this case and overwhelming legal authority in which it is aware. [See Def. Opp. pg. 3]. Plaintiff requested Defendant produce information on the size of the putative class in March 2015. Defendant refused to comply, despite being provided with overwhelming authority as to Plaintiff's entitlement to putative class information. *See Dabrowski v ABAX Incorporated*, 2009 N.Y. Misc. LEXIS 5640 (N.Y. Sup. Ct. Apr. 16, 2009); *Casey v. Prudential Securities, Inc*., 702 N.Y.S.2d 670 (3d Dept. 2000); *Scott v. Prudential Ins. Co. of Amer*., 492 N.Y.S.2d 201 (4th Dept. 1985).

7

removal was found to be timely after similar extreme delays, particularly when Defendant has been in sole possession of the information required to ascertain the removability of this case for *years*. Defendant should not be permitted to withhold evidence that would trigger the 30-day removal period until it becomes strategically advantageous to disclose that information. Such a holding would condone gamesmanship and allow for excessive delays in the resolution of actions.

### III.     In the Alternative, CAFA's Exceptions Apply

Defendant utterly fails to meet its burden to show that the amount in controversy exceeds five-million dollars, and as such, the analysis need not go further. For completeness, the exceptions to CAFA jurisdiction would also apply here. Plaintiff amply satisfies the "interests of justice" exception. *See* 28 U.S.C. § 1332(d)(3).[7] [8]

First, more than one-third of the putative class members are New York citizens. *See* 28 U.S.C. § 1332(d)(3). By Defendants' own admission, more than half of the putative class members are citizens of New York, and as such, the requirements of Section (E) are met. [*See* Def. Santos Declaration, ¶3 (37 out of 67 interns (approximately 55%) in 2017 were New York residents)]. Further, contrary to Defendants' position, Plaintiff's NYLL claims do not involve matters of

---

[7] *See* Plaintiffs' moving brief, pg. 15 for a list of the discretionary factors under 28 U.S.C. § 1332(d)(3); *see also*, Def. Brief, fn 15.

[8] In the interest of brevity, Plaintiff also satisfies the mandatory "local controversy" and "home state controversy" exceptions to CAFA jurisdiction. 28 U.S.C. §§ 1332(d)(4)(A) and (4)(B) [Pl. moving brief, pg. 11-15]. The crux of Defendant's argument in opposition is that Plaintiff has not established that two-thirds of the putative class members are citizens of New York, as required by both exceptions. [Def. Brief, pg. 6-10]. In light of the fact that only the Defendant possesses specific information about the putative class, this Court may "simply make reasonable assumptions about the makeup of the putative class." *Commisso*, 2012 U.S. Dist. LEXIS 105151, *16 (citing *Matera*, 239 F.R.D. at 80-81); *see also Lucker v. Bayside Cemetery*, 262 F.R.D. 185, 189 (E.D.N.Y. 2009) (court remanded based on an "eminently reasonable assumption"). It would be reasonable to assume that a significant portion of the putative class members are New York citizens, as the class is limited to individuals employed in the New York office. *See Commisso*, 2012 U.S. Dist. LEXIS 105151, *19 ("reasonable to assume" that a significant portion of the putative class members were New York citizens because class limited to individuals employed in the New York office.) Moreover, one can only assume these interns must have been especially eager to embark on a career in New York, as they accepted positions *with no compensation* in an attempt to break in to the New York fashion industry. Such an assumption is particularly appropriate in this instance, as New York is one of the few places to pursue a competitive career in the fashion industry.

8

national interest on the issue of unpaid interns. *See* 28 U.S.C. § 1332(d)(3)(A). The Plaintiff has *only* asserted New York Labor Law claims, pertaining *only* to work performed at Defendant's headquarters within the State of New York. The State of New York undeniably has a "distinct nexus" with the putative class members, even if some legal scholars have taken interest in the claims of unpaid interns. [Def. Brief, pg. 11, fn 16]. The claims all emanate from work performed *solely* in New York, and the Plaintiff and putative class members were subject to policies in violation of NYLL, thereby also satisfying Sections (B) and (D) of the discretionary exception.

Defendants' arguments regarding a purported effort to avoid federal jurisdiction are completely baseless. [Def. Brief, pg. 12]. Plaintiff sought to bring an action for unpaid wages and serve as a class representative. Plaintiff would have been prohibited from filing her action in federal court, as she unquestionably does not possess a timely FLSA claim. [Ex. A, Complaint, ¶32 (worked in 2009)]. Although Plaintiff irrefutably had no choice but to commence an action in state court, Defendant's removal of this action can only be seen as blatant forum shopping. Defendant seeks removal of this action in a transparent attempt to contravene New York State's strong preference for granting class certification. *See e.g. Pruitt v Rockefeller Ctr. Props.*, 167 A.D.2d 14, 21 (1st Dept. 1991) (Article 9 "must be liberally construed and 'any error, if there is to be one, should be … in favor of allowing the class action.'"); *Dabrowski v. Abax, Inc.*, 84 A.D.3d 643 (1st Dept. 2011). Further, after litigating this case in state court for the past two years, Defendant plainly removed this case to avail itself of recently developed Second Circuit precedent regarding the standard for an unpaid internship under the Fair Labor Standards Act and Rule 23.[9]

Finally, Defendant's claim that there have been other class actions asserting similar claims that have been filed within the last three years is utterly disingenuous. [Def. Brief, pg. 13].

---

[9] The standard for unpaid internships under NYLL has not yet been determined by any New York State Court.

9

Although there have been other class actions involving unpaid interns, these cases have been brought against *completely* different corporate entities, by unrelated groups of interns. There are not *any* common parties in *any* of these class actions.[10] Section (F) applies only to class actions filed by or against the *same* parties due to concerns that defendants would be forced to litigate very similar claims in two separate forums, and thus lead to duplicative discovery and unnecessary litigation costs. *See e.g. Henry*, 2014 U.S. Dist. LEXIS 39309, *23; *Fields v. Sony Corp. of Am.*, 2014 U.S. Dist. LEXIS 109249 (S.D.N.Y. Aug. 4, 2014). Here, there has been no other lawsuit filed against Oscar de la Renta by an intern, and as such, the concerns of Section (F) would not be triggered.

## CONCLUSION

Defendant has utterly failed to meet its burden to establish that this Court has jurisdiction of this action. Accordingly, Plaintiff respectfully requests that this Court (i) remand this action to the Supreme Court of the State of New York County, where it was initially filed; (ii) award Plaintiff costs and disbursements incurred by reason of the removal proceedings; (iii) together with such other and further relief as the Court deems just and proper.

Dated: December 2, 2016
      New York, New York

/s/ LaDonna M. Lusher, Esq.
Suzanne Leeds Klein, Esq.
Alison L. Genova, Esq.
VIRGINIA & AMBINDER, LLP
40 Broad Street, 7th Floor
New York, New York 10004
Tel:   (212) 943-9080
Fax:   (212) 943-9082

-and-

---

[10] Likewise, the fact that Plaintiff's counsel has represented different interns, in completely unrelated class actions, against different corporations is irrelevant to this action and the instant motion to remand. [Def. Brief, fn 14 and 18].

        Jeffrey K Brown, Esq.
LEEDS BROWN LAW, P.C.
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel:     (516) 873-9550
Fax:    (516) 747-5024
*Attorneys for Plaintiff and Putative Class*